WILLIAM REMSHART, plaintiff in error, *vs.* JESSE E. HAM, defendant in error.

When a motion was made in the Court below to open a judgment, on the ground that the defendant therein had tendered to the plaintiff $1,200 00 in Confederate money, during the second year of the war, and claimed the benefit of the Relief Act generally, which motion was allowed by the Court: *Held,* that the defendant in the judgment did not show any equitable ground of defense, which authorized him to have the judgment opened and scaled, and that the judgment of the Court below should be reversed.

Relief Law. Tender. Confederate money. Decided by Judge SCHLEY. Bryan Superior Court. December Term, 1868.

In 1859, Ham made and delivered to Remshart two promissory notes for $125 00 each, due the 1st of January in 1861 and 1862, respectively, and at the same time delivered to Remshart a mortgage on certain land to secure their payment. Remshart sued Ham on these notes, and Ham confessed a judgment for what was due on them in December, 1867. In the last named month, Remshart began the foreclosure of said mortgage. In December, 1868, said judgment remaining in *statu quo,* Ham pleaded, as reasons why said

Remshart *vs.* Ham.

mortgage should not be foreclosed, that he had " paid on said notes about $1,200 00 since the close of the late war, and offered the further sum of $1,200 00, in Confederate money, in the second year of the late war, and seven bales of cotton of the value of $1,000 00 in gold, at the same time any number of negroes, sufficient to pay the whole amount of said notes," and prayed that "said notes be scaled according to the Ordinance of Georgia," and further pleaded " the Act of the last Legislature, known as the Act for the relief of the people of Georgia."

Remshart's counsel insisted that said judgment was conclusive, and that, therefore, he had a right to enter judgment of foreclosure for the same amount.

The Court allowed the rule absolute for the amount of said judgment, upon the condition that if, after argument had, he should conclude that Ham was estopped by said judgment from controverting the amount claimed, the rule absolute should stand, otherwise it should be set aside.

Upon consideration he thought Ham was " entitled to give in evidence the facts mentioned in the first section of the Relief Act of 1868, for the purpose of affecting the verdict of the jury and the rights of the plaintiff, notwithstanding said judgment," and passed an order vacating said rule absolute. This is assigned as error, for the reason that said judgment was conclusive as to the amount due on said notes.

(This cause was argued in June Term, 1869, and held up by the Court.)

FLEMMING & LESTER, for plaintiff in error.

W. B. GAULDEN, J. W. FARMER, for defendant in error.

WARNER, J.

According to the previous rulings of a majority of this Court, the defendant in the judgment did not show on the trial of this case any equitable ground of defense which authorized him to have the judgment opened and scaled, under the provisions of the Relief Act of 1868. The judg-

ment of the Court below, allowing the motion to open judg-ment, was error, and should be reversed. I concur in the judgment of reversal in this case, on the ground that the second section of the Relief Act of 1868, which provides for the opening and scaling judgments rendered prior to June, 1865, not only violates the Constitution of the United States, but is also in violation of the Constitution of this State, and is therefore void.

Let the judgment of the Court below be reversed.